THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD GORDON, Appellant.— Appeal from a judgment of conviction rendered by the County Court, Kings County, sentencing appellant, after he had been found guilty by a jury of robbery in the first degree, assault in the second degree, and petit larceny, to serve from 30 to 60 years as a second felony offender. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK SYRECK, Appellant.— Appeal (1) from a judgment of conviction of the County Court, Kings County, rendered May 5, 1958 sentencing appellant, after he had been found guilty by a jury of grand larceny in the first degree, to serve from 15 years to life as a fourth felony offender, and (2) from each and every intermediate order or ruling therein made including an order denying his motion to set aside the verdict and for a new trial on the ground of newly discovered evidence. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders or rulings which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

FLORENCE REDLER et al., Appellants, v. FIRST GARDEN BAY MANOR, INC., et al., Respondents.— In an action by plaintiff Florence Redler to recover damages for personal injuries alleged to have been sustained while she was operating a defective laundry extractor, and by her husband for medical expenses and loss of services, the court, at the end of the plaintiffs' case, dismissed their complaint and the cross complaint of defendant First Garden Bay Manor, Inc. The appeal is from so much of the judgment entered thereon as dismissed the complaint. Judgment insofar as appealed from unanimously affirmed, with costs. (*Buria* v. *Rosedale Eng. Corp.*, 7 A D 2d 486.) Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

PROVIDENCIA RIVERA et al., Respondents, v. ALAN KANE, Appellant.— In an action to recover damages for malpractice, and for medical expenses and loss of services, the appeal is from so much of an order as conditions the granting of appellant's motion to dismiss the complaint for the alleged failure diligently to prosecute the action (Civ. Prac. Act, § 181; Rules Civ. Prac., rule 156) upon respondents' failure to serve and file a note of issue on or before a day certain. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

ELIZABETH L. SALMON, Respondent, v. EDWARD J. SALMON, Appellant.— In an action for a divorce, the appeal is from an order which (1) denied appellant's cross motion for summary judgment dismissing the complaint on the ground that no valid marriage exists between appellant and respondent, and (2) referred for determination by the trial court respondent's motion for temporary alimony and a counsel fee. Appellant pleaded an affirmative defense that prior to his marriage with the respondent he was legally married to another woman who was alive on the date of his marriage to respondent, that no valid decree of divorce had been entered affecting said prior marriage at the time he married respondent, and that therefore no valid marriage exists between him and the respondent. Order affirmed, without costs. The determination of the validity of the marriage should await the trial of the action. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.