■ JOSE L. CENTINO, Plaintiff, v. ISBRANDTSEN COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. UNIVERSAL TERMINAL & STEVEDORING CORP., Third-Party Defendant-Appellant.— In an action to recover damages for personal injuries sustained by reason of the unseaworthiness of defendant's ship, in which the defendant shipowner, Isbrandtsen Company, Inc., as third-party plaintiff, served a third-party complaint against its stevedore, Universal Terminal & Stevedoring Corp., as third-party defendant, the stevedore appeals: (1) from so much of a judgment of the Supreme Court, Kings County, entered December 28, 1959, upon the verdict of the jury and the decision of the court, after a jury trial, as directs recovery over against it by the shipowner of the sum of $85,895.75, being the amount of the judgment awarded to plaintiff against the shipowner; (2) from so much of an amended judgment of said court, dated December 9, 1960, as directs recovery over against the stevedore by the shipowner of said sum of $85,895.75, plus costs of $150, attorneys' fees of $7,500, and attorneys' disbursements of $1,400.26, making a total of $94,946.01; and (3) from the order of said court, made on December 7, 1960 and entered on December 9, 1960, which granted the shipowner's motion for the entry of such amended judgment in its favor against the stevedore. Amended judgment, insofar as appealed from, reversed on the law, with costs to the third-party defendant against the third-party plaintiff; and judgment directed in favor of the third-party defendant dismissing on the merits the third-party complaint against it. Findings of fact implicit in the jury's verdict in favor of the third-party defendant are affirmed. Appeal from the original judgment dismissed; it was superseded by the amended judgment. Appeal from the order directing entry of the amended judgment dismissed. Since no point is made in the appellant's briefs with respect to such order, the appeal therefrom must be deemed to have been abandoned. The third-party complaint for indemnity alleges three causes of action: the first, based upon a contract by which the stevedore agreed to indemnify the shipowner; the second, based upon the stevedore's primary active negligence; and the third, based upon the stevedore's breach of its implied warranty to perform its work safely and properly. The issues raised by such first cause of action based upon the stevedore's contract, were reserved by the trial court for its determination. The issues raised by such second and third causes of action were submitted to the jury; and the jury found in favor of the stevedore, the third-party defendant. Thereafter the trial court determined the issues under the first cause of action and granted judgment in favor of the shipowner, the third-party plaintiff, against the stevedore. The plaintiff came on board the ship to do cleaning work. He was injured when he fell into an open hatchway, in respect of which the evidence

shows that there was inadequate lighting. He sued the shipowner on the ground, as limited at the trial, of unseaworthiness of the vessel. The stevedore was under a contract with the shipowner to unload the ship. The stevedore's work necessitated removal of the hatchway cover. The stevedore's employees had finished their work for the day. The evidence discloses that they did not replace the hatch-cover because of the request of the shipowner, who desired to save the expense of replacing the cover and of removing it almost immediately so that the cleaners could do their work. The plaintiff, one of the cleaners, was injured about one hour after the stevedore's employees had left the ship. The evidence establishes that there was no duty on the stevedore to furnish light for the hatchway at the time plaintiff was injured. The indemnity contract provides that the stevedore " will indemnify and hold harmless " the shipowner " against any and all claims or demands arising out of bodily injury  *   *   *   provided such injury   *   *   *   shall have been due to the contractor's [the stevedore's] operation." The Trial Justice correctly held that the duty of interpreting the indemnity contract was his. However, upon the evidence as stated by the stevedore and not controverted by the shipowner, and upon the relevant portions of the jury's verdict, we conclude that plaintiff's injury was not due to the stevedore's operation within the meaning of the contract between it and the shipowner. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.