■ LOUIS G. GREENFIELD, Appellant, v. JERALD RELAND, Respondent, et al., Defendant.— Order, entered on September 28, 1962, granting defendant Reland's motion for summary judgment dismissing the first cause of action for false arrest and imprisonment and the second cause of action for slander, unanimously modified, on the law and on the facts, to the extent of denying the motion as to the said two causes of action, and as so modified, affirmed, with costs to abide the event. There are issues of fact present as to whether or not the acts complained of were within the scope of defendant Harrison's employment and in furtherance of defendant Reland's interest. (See *Sims* v. *Bergamo,* 3 N Y 2d 531.) Concur — Breitel, J. P., Valente, McNally, Eager and Bastow, JJ.

■ MARJORIE SCHWARTZ et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— Determination of Appellate Term which modified in part and otherwise affirmed the resettled judgment of the City Court, unanimously reversed, on the law and on the facts, and a new trial ordered, with costs to abide the event. In submitting the case to the jury, the trial court charged that the city could be held liable if it were found either that it had failed to remove the bedspring obstructing the sidewalk or had failed to properly maintain the street lights. The instruction as to liability by reason of the presence of the bedspring alone was erroneous. There being no evidence to charge the city with notice of such condition, it may not be held liable therefor. Thus, since it cannot be determined on which ground the jury held the city liable, a new trial is required as to it. (*Fein* v. *Board of Educ. of City of N. Y.,* 305 N. Y. 611; *Clark* v. *Board of Educ. of City of N. Y.,* 304 N. Y. 488.) A new trial is similarly required with respect to the defendant Broadway Maintenance Corp. The charge as to its duty to the plaintiff is unclear and, in effect, permitted the jury to impose liability if it found the street light to have been out, albeit no bedspring was present on the sidewalk. Without the concurrence of the presence of the bedspring and the absence of light, thereby creating a condition of danger, there could be no liability on the part of Broadway Maintenance Corp. Concur — Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.