■ DONALD A. PELUSO, Appellant, v ROCHESTER GENERAL HOSPITAL et al., Defendants, and GAMBRO, INC., Respondent.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Plaintiff appeals from an order of Special Term, entered May 13, 1977 in Monroe County, which granted in part defendant's motion to strike certain interrogatories contained in a demand served upon him. Plaintiff was rendered totally deaf after dialysis treatment where two Gambro Lundia Dialyzers, manufactured by defendant Gambro, were used simultaneously. Plaintiff sued Gambro and others, alleging causes of action based in negligence, breach of warranty and strict products liability. Plaintiff through his attorneys served upon defendant Gambro 183 written interrogatories (CPLR 3130). Gambro then moved pursuant to CPLR 3133 for an order striking all or, in the alternative, certain numbered interrogatories as burdensome, oppressive, repetitious and calling for opinion evidence. At Special Term plaintiff consented to the striking of Interrogatories Nos. 89, 113 and 182, and withdrew Interrogatories Nos. 72, 81, 98, 99, 142 and 183, and at his request the court corrected Interrogatories Nos. 33 and 46. Thus, his appeal concerning these stricken, withdrawn and corrected interrogatories has no merit. Plaintiff fails to advance any argument concerning the stricken Interrogatories Nos. 16a, 16b, 16c, 76, 77, 78, 79 and 143, and his appeal must be deemed to have been abandoned (see *Centino v Isbrandtsen Co.,* 13 AD2d 977, revd on other grounds 11 NY2d 690, cert den *sub nom. Universal Term. & Stevedoring Corp. v Isbrandtsen Co.,* 370 US 912). Interrogatories Nos. 152 through 155 seek information regarding records of persons using the "Double Gambro" method, i.e., the simultaneous use of two Gambro Lundia Dialyzers on one patient. This information may be inclusive but is not identical to information sought through Interrogatories Nos. 150 through 151 regarding records of all persons using the defendant's machines. Similarly, Interrogatories Nos. 140 and 141 seek information concerning patients' complaints from the use of the "Double Gambro" method as distinguished from Interrogatory No. 122 which requests information concerning "any consumer or customer complaints of injuries resulting from use of the machine". Plaintiffs are entitled to disclosure of information regarding claims similar in nature to their own claim *(Abrams v Vaughn & Bushnell Mfg. Co.,* 37 AD2d 833) and these interrogatories are relevant, not unduly burdensome, and should be allowed. Plaintiff's request in Interrogatory No. 158 for a list of all materials distributed with each dialysis machine is repetitious in part, vague and unduly burdensome. The opinion evidence sought by Interrogatory No. 181 is improper and irrelevant, and the court below did not abuse its discretion in striking it. Since Gambro has denied that it was the designer, manufacturer and assembler of the appliance in controversy, Interrogatories Nos. 28 through 30, which seek to define the role of the defendant in the design and manufacture of the machine, are relevant and do not appear to be burdensome. Interrogatories Nos. 31 and 32, however, which seek information concerning consultations with defendant's employees in the manufacture of the device, are repetitive of Interrogatories Nos. 7 through 9, which request

information describing defendant's participation in the manufacture of the device or its component parts, and were properly stricken *(Handler v Heimowitz,* 47 AD2d 836). The order should be modified to permit Interrogatories Nos. 28 through 30, 140, 141 and 152 through 155, and, as modified, affirmed. (Appeal from order of Monroe Supreme Court—strike interrogatories.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.