■ ROBERT L. CARHART, as Acting Executor of FRANK CARHART, Deceased, et al., Respondents, v RELMAR OPERATING CORPORATION et al., Appellants, et al., Defendant.—Judgment, Supreme Court, New York County, entered January 23, 1978, in plaintiffs' favor, unanimously reversed, on the law, vacated, and the matter remanded for a new trial with $75 costs and disbursements of this appeal to abide the event, without prejudice to the right of plaintiff Branch to move to amend the ad damnum clause of his complaint upon proper supporting papers. On the evidence adduced it was error to charge the applicability of section 255 and subdivision 2 of section 316 of the Labor Law, because there was no competent proof that the building was a "tenant-factory". Those sections of the administrative code relating to hangers for power-operated hoistway doors and hanger stop and guards, the violation of which constitute some evidence of negligence, should not have been charged. Not only was there no evidence that the hoistway doors were power-operated, but by explicit provision of the code these sections were applicable only to elevators constructed after 1938, whereas the elevator involved here was installed in 1925. It was also error to charge that the provisions of the American Standard Safety Code for Elevators could be used as a basis for a finding of negligence since the building owner had until November 5, 1970, a date beyond the accident, to complete any alterations required for compliance with the code. If the plaintiffs' version were credited by the jury then the doctrine of res ipsa loquitur would apply since the elevator was, concededly, under defendant's

exclusive control. (See *Corcoran v Banner Super Market,* 19 NY2d 425.) However, in charging *res ipsa loquitur* the court failed to instruct the jury adequately and to advise them that the doctrine would not apply if the accident were due to any voluntary action or contribution on plaintiffs' part. We also find fault with the instruction that the building owner had "a heightened duty" with respect to the maintenance of the premises. (See *McLean v Triboro Coach Corp.,* 302 NY 49, 51-52.) Furthermore, inasmuch as the city was no longer a defendant in the case, it was error to charge that the city had a duty under the administrative code to make periodic inspections at least four times a year. The elevator in question had not been inspected in the year preceeding the accident, and thus the charge could have the impact of ascribing the city's failure to inspect to the defendant. Numerous trial errors were committed as well. It was an abuse of discretion to allow an increase in the *ad damnum* clause sought for the first time during jury selection on the sole basis of an attorney's affidavit. *(Koi v P. S. & M. Catering Corp.,* 15 AD2d 775.) There had been a lapse of eight years since the accident, and of four and one-half years from the service of a bill of particulars. No explanation for the delay was offered, nor was it claimed that the injuries had worsened or that new injuries had developed. The president of the defendant corporation should not have been excluded from the courtroom during the trial. Defendants' investigative reports and witnesses' statements were privileged, either as a work product *(Hickman v Taylor,* 329 US 495; CPLR 3101, subd [c]), or as material prepared for litigation *(Nicholson v Henderson,* 29 AD2d 939; CPLR 3101, subd [d]), and should not have been ordered turned over. Work proposals received by defendants should not have been admitted in evidence. Defendants were not required to use the latest or safest equipment. (See *Jokelson v Allied Stores Corp.,* 31 AD2d 200, 203.) Evidence of unrelated and subsequent repairs should not have been allowed. We do find, however, that the evidence was sufficient to establish common-law negligence. But the submission to a jury of theories of liability not supported by the evidence is error. *(La Rocco v Penn Cent. Transp. Co.,* 29 NY2d 528.) When a case is submitted on several theories of negligence, one or more of which is not supported by the evidence, and it is not possible to ascertain on which theory the jury returned its verdict, the verdict must be set aside. *(Fein v Board of Educ.,* 305 NY 611, 613.) Finally, if we were not reversing for the foregoing reasons, we would, in any event, set aside the verdicts in favor of Branch and the executor of the estate of Carhart as excessive. Concur—Murphy, P. J., Lupiano, Evans, Markewich and Sullivan, JJ.