■ JOHN C. RYAN, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent, and A & D STEEL EQUIPMENT COMPANY, INC., Respondent. — In a negligence action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Zelman, J.), entered May 22, 1980, as, after a bifurcated jury trial, was in favor of plaintiff and against said defendant in the principal amount of $100,000. Plaintiff's appeal from so much of said judgment as dismissed his complaint against the defendant A & D Steel Equipment Company, Inc., is deemed abandoned. (See *Centino v Isbrandtsen Co.,* 13 AD2d 977, revd on other grounds 11 NY2d 690.) Judgment reversed insofar as appealed from by the city, on the facts, and, as between plaintiff and the defendant city, action severed and new trial granted, with costs to abide the event. On May 16, 1973 plaintiff, then employed as a New York City detective, went to the offices of the Queens County District Attorney to await his being called to testify in a criminal trial. The offices were being reconstructed. As part of the reconstruction, a large room was being divided into cubicles by means of partitions. Plaintiff went into a smaller room and attempted to sit upon a folding chair. As he did so, the chair collapsed and a number of partitions that had been stacked against a nearby wall fell upon him, causing him injury. There was evidence that the partitions had been stacked there at the direction of the city. As a result of this accident, plaintiff sued the City of New York, which owned the chair, and the contractor that had stacked the partitions. In the liability phase of the trial, the jury rendered a general verdict in favor of the plaintiff against the defendant city. No liability was found on the part of the contractor. We reverse so much of the judgment as was rendered against the defendant city upon the jury's verdict. The trial court charged the jury that the defendant city could be found liable if it found either that a defective or inherently dangerous condition existed in the chair, of which the city had actual or constructive notice, or that the city had failed to maintain, with reasonable care, the area of the premises where plaintiff attempted to sit. The propriety of charging the second theory of liability is not challenged by the city on this appeal. However, there was not sufficient evidence adduced at trial to support a determination that the city had either actual notice of any defect in the chair or constructive notice thereof in that the nature of the defect was such that reasonable inspection of the chair *would* have disclosed the defect. (See *Monroe v City of New York,* 67 AD2d 89, 96; *Redler v First Garden Bay Manor,* 8 AD2d 835; *Buria v Rosedale Eng. Corp.,* 7 AD2d 486.) Since the jury returned a general verdict, it cannot be determined under which theory the jury held the defendant city liable. Accordingly, a new trial is required as to the defendant city (see *Fein v Board of Educ.,* 305 NY 611, 613; *O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431, 437-438; *Carhart v Relmar Operating Corp.,* 66 AD2d 680, 681; *Schwartz v City of New York,* 18 AD2d 1062). Under the circumstances of this case, it is suggested that the jury be required to return a special verdict upon the new trial (see CPLR 4111, subd [b]). We need not decide whether, as plaintiff urges, the trial court improperly declined his request to charge the doctrine of *res ipsa loquitor.* Since, correctly or not, that doctrine was not submitted to the jury, it may not now be relied on by plaintiff to uphold the verdict in his favor. At the new trial it will be for the trial court to determine whether that doctrine should be charged based on the

evidence then adduced (see, e.g., *Nosowitz v 75-76 Polk Ave. Corp.,* 34 AD2d 648). In light of our disposition of this case, we need not address the defendant city's contention that the jury's award of damages was excessive. We have examined the defendant city's remaining contentions and find them to be without merit. Hopkins, J. P., Rabin, Margett and Bracken, JJ., concur.