■ William J. Brandt et al., Respondents, v City of New York et al., Appellants, and Michael Merola, Respondent, et al., Defendant. (And Another Proceeding.) — Judgment, Supreme Court, Bronx County (Kent, J.), entered March 25, 1981, upon a jury verdict, which, *inter alia,* awarded the sum of $450,000 to plaintiffs, collectively, and apportioned liability 15% against defendants city and Fox and 85% against defendant Merola, unanimously modified, on the law, without costs or disbursements, the matter remanded for a new trial on the issue of the city's liability and apportionment, if any, and, except, as thus modified, affirmed. Except for its attempt to preserve for possible future review in the Court of Appeals the issue of whether a police pension may be applied in mitigation of damages, an issue we are precluded from reviewing by the Court of Appeals holding that it may not (see *Cady v City of New York,* 14 NY2d 660, 662; *Poniatowski v City of New York,* 14 NY2d 76, 81, n 1), the city does not challenge the damage award. Defendant Merola has not appealed. A new trial is required, however, on the questions of the city's liability, and, if it is liable, the appropriate apportionment between it and defendant Merola. A police radio car in which plaintiff William Brandt was a passenger collided with the Merola vehicle at an intersection controlled by a stop sign. The stop sign would ordinarily have faced Merola as he approached the intersection in an easterly direction. At the time of the accident, however, the stop sign was bent and twisted so that it was facing southbound traffic. Not a scintilla of proof was offered to show that the city had actual notice of this condition, or as to its duration. Thus, it was error to charge

the jury on the city's failure to maintain properly the stop sign, as to which charge an appropriate exception was taken. The case was also submitted to the jury on a theory of operational negligence on the part of both drivers, as to which ample evidence existed. The jury returned a general verdict of liability and apportioned liability 15% against the city and 85% against Merola. Since the jury returned a general verdict, we have no way of knowing whether the finding of 15% negligence on the part of the city was due to the alleged failure to maintain the stop sign or the negligence of the driver of the police vehicle for which it is vicariously responsible. "[T]he submission to a jury of [a theory] of liability not supported by the evidence is error." (*Carhart v Relmer Operating Corp.*, 66 AD2d 680, 681.) The error cannot be cured, because another theory of liability supported by the evidence was submitted. Accordingly, a new trial to the extent indicated is required. Concur — Kupferman, J. P., Sandler, Sullivan, Carro and Fein, JJ.