■ HELEN VANDERLOFSKI, as Executrix of BERTHA M. VANDERLOFSKI, Deceased, Appellant, v NASSAU RELIANCE FUEL CORP., Respondent, et al., Defendants. (Action No. 1.) HARTFORD FIRE INSURANCE COMPANY, as Subrogee of HELEN VANDERLOFSKI, Plaintiff, v NASSAU RELIANCE FUEL CORP., Defendant. (Action No. 2.)—Order of the Supreme Court, New York County, entered September 13, 1976, unanimously modified, on the law and the facts, and in the exercise of discretion, without costs and without disbursements, to condition the turning over to the defendant-respondent of a copy of the report of the plaintiff's expert concerning the accident and the equipment involved, upon the defendant-respondent's reciprocity by turning over to the plaintiff a copy of its report, if any, with respect thereto and otherwise affirmed. This is an action for wrongful death. The decedent was killed in a fire in her private home allegedly caused by her oil burner being serviced by the defendant-respondent. Appellant was directed to turn over to the defendant a copy of appellant's expert's report concerning the accident as well as photographs taken by the appellant of the fuel burner after the accident. The parties have stipulated for some of the photographs to be turned over as part of an examination before trial of respondent's general manager. Accordingly, there is less reason to withhold the remaining photos, but in any event, inasmuch as the photos can no longer be duplicated, withholding them would result in injustice. (See Binke v Goodyear Tire & Rubber Co., 55 AD2d 632.) The fuel burner has been removed, and therefore there would be a similar problem of availability with respect to it. However, while material prepared for litigation is not generally required to be made available because a disclosure proceeding should not be used as a substitute for independent investigation of the facts available to both parties (see Bios v Donovan, 21 AD2d 409), it would seem that here equal access is not possible. However, so that the parties may be treated in

a substantially similar way, we condition the availability of the expert's report on a reciprocal basis, to the extent that the adversary has or should later have an expert's report, and modify accordingly. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.