(January 3, 1985)

■ HAROLD B. MERS, Respondent, v INTERMEDICS, INC., Appellant. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered October 24, 1983, which, *inter alia,* granted plaintiff's cross motion to direct defendant to permit discovery of its testing reports and data concerning pacemaker unit No. 18715 (model 253-07), is modified, on the law and the facts, to the extent of denying that part of the cross motion that sought discovery of the defendant's testing reports and data relating to this pacemaker, and otherwise affirmed, without costs.

Plaintiff commenced the instant action to recover damages for personal injuries caused him by an allegedly malfunctioning pacemaker unit manufactured by defendant. Issue has been joined. At the request of the defendant, the plaintiff provided it with the subject pacemaker. After the receipt of the pacemaker, defendant performed various tests in respect to it. In response to defendant's motion for, *inter alia,* a further bill of particulars, plaintiff made a cross motion for, *inter alia,* discovery of defendant's testing reports and data pertaining to this pacemaker. Plaintiff contended, in support of its cross motion, that it had a right to this material, upon the basis that defendant's testing was done in the ordinary course of business, pursuant to the pacemaker's warranty. Defendant disagreed and argued that the dominant purpose in conducting these tests was to prepare for litigation. Special Term granted the discovery requested by plaintiff. We hold that Special Term erred.

The record herein unequivocally indicates that the defendant prepared the documents for litigation and, therefore, they are entitled to be protected from disclosure "unless * * * the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship" (CPLR 3101, subd [d]). Our determination to deny plaintiff's cross motion does not "result in injustice or undue hardship" since the plaintiff does not controvert the defendant's

assertion that the condition of the pacemaker has not changed and that it is available for inspection and nondestructive testing by the plaintiff's expert. Concur — Murphy, P. J., Sullivan, Ross and Kassal, JJ.

Kupferman, J., dissents in a memorandum as follows: Plaintiff had a pacemaker implanted by his physician on October 28, 1981. Less than one month later, on November 24, 1981, the pacemaker was replaced and removed as defective. In its limited warranty covering the product, Intermedics required that any explanted pacemakers be returned to the company. They also become the property of the company. Plaintiff's counsel informed defendant of the circumstances surrounding removal of the pacemaker by letter dated March 9, 1982. In this letter, counsel also stated that: "We believe that we can effectively resolve the matter at hand at the claims level and without resort to the Courts". Upon receiving this letter from plaintiff's counsel, defendant requested that the pacemaker be returned for testing and evaluation.

Plaintiff sought, and was granted at Special Term, disclosure of the defendant's test results and the experts' report related to those tests. Inasmuch as the tests were conducted prior to the plaintiff instituting his complaint, the test results should be discoverable. For discovery purposes, tests conducted prior to the commencement of litigation have been distinguished from tests conducted subsequent to the bringing of an action. (1 Weinberger, New York Products Liability, § 13:27; see, also, *Abrams v Vaughan & Bushnell Mfg. Co.,* 37 AD2d 433; *Baxter v Orans,* 63 AD2d 875.) Plaintiff also claims that these reports were made in the ordinary course of business, inasmuch as the warranty specifically requests that all explanted pacemakers be returned to the defendant, not just the ones which may be the subject of litigation. As a result, the tests in the case at bar should be subject to disclosure.

Additionally, as the unit has been in defendant's possession for an extended period of time since being explanted there is no way of determining whether or not the unit is in the same condition as when it was removed. "[W]hile material prepared for litigation is not generally required to be made available because a disclosure proceeding should not be used as a substitute for independent investigation of the facts available to both parties * * * it would seem that here equal access is not possible." (*Vanderlofski v Nassau Reliance Fuel Corp.,* 59 AD2d 861.)

Defendant claims that these reports were made in preparation for impending litigation and therefore are not discoverable. In addition, defendant argues that plaintiff has the report, as it was sent to the plaintiff's physician shortly after completion.

Yet the report plaintiff has merely states that the pacemaker was not defective. It does not show how the unit was tested, nor what the experts concluded.

Since equal access to the facts involved does not seem possible, both parties should be treated in a substantially similar way. Therefore, the availability of the expert's report can be conditioned on a reciprocal basis, to the extent that the adversary (plaintiff) has or should later have an expert's report. (*Vanderlofski v Nassau Reliance Fuel Corp., supra,* at p 862.) As the defendant has already released part of the report to the plaintiff's physician, it should not be permitted to withhold the remainder of the report.

An analogy may be drawn to rule 106 of the Federal Rules of Evidence (US Code, tit 28, Appendix) or its counterpart in the Proposed New York State Rules of Evidence (§ 106). If part of a document is released (introduced into evidence), then the other party should be entitled to see and/or release the other parts of the same document.

The determination of Special Term should be affirmed.