■ BERNARD BROWN, Appellant, v MIRIAM BROWN, Respondent.—In an action for a divorce and ancillary relief, in which the parties were divorced by judgment entered March 16, 1977, the plaintiff husband appeals from an order of the Supreme Court, Queens County (Corrado, J.), dated May 15, 1989, which denied his motion for a protective order and directed him to appear for his deposition and to produce financial records and other documents.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the plaintiff's motion which was for a protective order vacating the defendant wife's

notice with regard to his tax returns from 1983 to 1988, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements. The deposition shall be conducted at a time and place to be set forth in a written notice of at least 10 days to be given by the respondent to the appellant, or at such time and place as the parties may agree.

We agree with the husband's contention that his financial status has no relevance to the issue of whether the wife has been living with another man and has thus forfeited her right to support. Accordingly, the protective order sought is granted for tax returns which the wife sought in her discovery notice *(see, Cross v Cross,* 112 AD2d 62). However, the Supreme Court properly denied the husband's motion in regard to the various documents allegedly compiled by a private investigator whom the husband employed to investigate the wife. The burden of establishing exemption from disclosure rests on the party resisting discovery and the mere assertion that the items constitute an attorney's work product or materials prepared for litigation will not suffice *(see, Zimmerman v Nassau Hosp.,* 76 AD2d 921; *Koump v Smith,* 25 NY2d 287). The record indicates that the husband has made no showing at all that the documents resulting from the investigation of the wife were either the work product of his attorney or materials prepared for litigation. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.