■ LISA MCCARTHY, Respondent-Appellant, v MICHAEL KLEIN, Appellant-Respondent. [656 NYS2d 395] —In an action to recover damages arising from, *inter alia,* a violation of Executive Law § 296, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County (Seidell, J.), dated March 8, 1996, as denied those branches of his motion which were to strike items 1 through 7, 9 through 16, 18 through 27, and 30 and 31 of the plaintiff's first demand for documents, and (2) an order of the same court, dated September 17, 1996, as upon granting reargument of his motion to strike certain portions of the plaintiff's first demand for documents, adhered to its prior determination. The plaintiff cross-appeals from so much of the order dated September 17, 1996, as conditioned the granting of her motion to strike the defendant's answer on the defendant's failure to comply with the order dated March 8, 1996, within 30 days.

Ordered that the appeal from the order dated March 8, 1996 is dismissed, without costs or disbursements, as that order was superseded by so much of the order dated September 17, 1996, made upon reargument; and it is further,

Ordered that the order dated September 17, 1996, is modified, on the law, by deleting the provision thereof which adhered to the prior determination in the order dated March 8, 1996, and substituting therefor a provision granting those branches of the defendant's motion which were to strike from the plaintiff's first request for the production of documents items no. 23, and 30, and items no. 18, 19, 20, and 22 insofar as they seek documents concerning alleged prior acts of sexual harassment, sexual misconduct, or sexual abuse, by the defendant; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the order dated March 8, 1996, is modified accordingly.

The plaintiff commenced this action against the defendant alleging, *inter alia*, that she was constructively fired from her position as his assistant due to sexual discrimination and a hostile atmosphere in the workplace (*see*, Executive Law § 296). The plaintiff alleged, among other things, that the defendant made sexually explicit remarks to her and subjected her to unwanted and offensive touching. At issue on appeal is an order of the Supreme Court, dated September 17, 1996, which denied the plaintiff's motion to strike the defendant's answer and, upon granting the defendant's motion for reargument, adhered to a prior determination in an order dated March 8, 1996, denying in part the defendant's motion for a protective order. We now modify.

The court did not improvidently exercise its discretion in denying the plaintiff's motion to strike the defendant's answer for failure to comply with the prior order of the court directing certain disclosure (*see*, CPLR 3126 [3]). The record does not reveal that the defendant's failure was willful or contumacious (*see, Nudelman v New York City Tr. Auth.*, 172 AD2d 503; *Mancusi v Middlesex Ins. Co.*, 102 AD2d 846; *Battaglia v Hofmeister*, 100 AD2d 833).

To the extent that the plaintiff seeks documents relating to allegations of sexual abuse, sexual harassment, or sexual misconduct made by former patients, employees, or "each and every person" against the defendant and copies of the defendant's tax returns, the court erred in denying the defendant's motion for a protective order. The plaintiff has failed to demonstrate the relevancy or need for the defendant's tax returns (*see, Muller v Sorenson*, 138 AD2d 683) or the relevancy of other alleged acts of sexual misconduct by the defendant (*see, Coopersmith v Gold*, 223 AD2d 572, *affd* 89 NY2d 957).

The defendant also challenges various other demands by the plaintiff on the ground that those demands seek privileged

documents not subject to disclosure as attorney work product and/or as materials prepared in contemplation of litigation (*see, Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371; *Corcoran v Peat, Marwick, Mitchell & Co.*, 151 AD2d 443; *Mers v Intermedics, Inc.*, 107 AD2d 551; CPLR 3101). However, the burden of proving that the demanded documents are privileged is on the party opposing disclosure (*see, Spectrum Sys. Intl. Corp. v Chemical Bank, supra; Brown v Brown*, 162 AD2d 429). The mere blanket assertion of privilege is insufficient (*see, Brown v Brown, supra*). Here, because the defendant has failed to even identify the documents at issue, he has a fortiori failed to demonstrate that such documents were privileged.

We have examined the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.