■ JOHN DOE, Respondent, v PETER POE et al., Respondents. RONNIE WEIL, Nonparty Appellant; BANK IN FEDERAL ACTION et al., Nonparty Respondents. [664 NYS2d 120] —In an action to enjoin the defendants from disclosing certain communications of the plaintiff on the ground that they are covered by the attorney-client privilege, Ronnie Weil appeals from (1) an order of the Supreme Court, Suffolk County (Werner, J.), dated July 3, 1996, which denied her motion to vacate an order of the same court dated November 1, 1993, sealing the record, and (2) an order of the same court dated August 20, 1996, which denied her motion for leave to reargue.

Ordered that the appeal from the order dated August 20, 1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 3, 1996, is reversed, on the law, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that the nonparty appellant is awarded one bill of costs.

The facts of this case were previously set forth in *Doe v Poe* (189 AD2d 132). This Court found that no attorney-client relationship existed between the plaintiff (hereinafter the CEO) and the defendant lawyers Peter Poe and Ron Roe, and affirmed the denial of a motion to enjoin the disclosure of certain communications on that ground. Having failed to obtain a preliminary injunction against disclosure, the CEO entered into a stipulation of dismissal with prejudice on November 1, 1993, and by order of the same date the records were sealed on consent of the parties.

The appellant here, Ronnie Weil, has commenced an action in Federal Court against the CEO, the respondent bank (hereinafter the Bank) which employed him, and the CEO's former law partners, on her own behalf and on behalf of a putative class. She claims, among other things, that the CEO and his former law partners, who represented the Bank at mortgage closings, engaged in a scheme pursuant to which the CEO's former law firm charged a fee to her and the other members of the putative class, and then kicked back a portion of that fee to the CEO. Weil's motion in State Supreme Court to vacate the sealing order dated November 1, 1993, was denied, and this appeal ensued.

We determined on the prior appeal (*Doe v Poe, supra,* at 132), that the CEO could not assert the attorney-client privilege to prevent the disclosure either of communications made by him and his former partner (identified as Mr. P.) to the Bank's attorneys on March 30, 1990, or Mr. P.'s later communications to the Bank's attorneys on July 6, 1990. We now conclude that the Bank, also, cannot assert the attorney-client privilege with respect to the communications in question.

The attorney-client privilege must be narrowly construed (*see, Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371, 377), and generally does not extend to communications between a client and his or her counsel which are made in the known presence of a third party (*see, People v Harris,* 57 NY2d 335, 343, *cert denied* 460 US 1047). Mr. P., who was not an employee of the Bank, attended the March 30, 1990, meeting at the CEO's request, but contrary to the respondents' contention, Mr. P. did not attend that meeting as an attorney or an agent of the Bank. Although Mr. P. was an attorney, and his law firm did mortgage work for the Bank, there is no evidence in the record that he was present at the March 30, 1990, meeting to render legal advice or services to the Bank or its attorneys (*see, Spectrum Sys. Intl. Corp. v Chemical Bank, supra,* at 379; Prince, Richardson on Evidence § 5-203 [Farrell 11th ed]). Moreover, his presence was not necessary to facilitate communication between the CEO, who was an attorney himself, and the Bank's attorneys (*see, Stroh v General Motors Corp.,* 213 AD2d 267, 268; Prince Richardson on Evidence § 5-204 [Farrell 11th ed]). Therefore, the communications made and the documents exchanged and discussed at the March 30th meeting are not protected by the attorney-client privilege. Likewise, Mr. P.'s communications to the Bank's attorneys at the meeting on July 6, 1990, are not privileged. Mr. P. was not acting as a Bank attorney at that meeting, since he was not present to provide legal advice or services to the Bank or its attorneys (*see, Spectrum Sys. Intl. Corp. v Chemical Bank, supra,* at 379; *Kenford Co. v County of Erie,* 55 AD2d 466, 469; Prince, Richardson on Evidence § 5-203 [Farrell 11th ed]).

Contrary to the respondents' contention, the information that the appellant seeks is not exempt from disclosure as attorney work-product. The work-product exemption applies only to those materials that are prepared by an attorney who is acting as an attorney, and which contain the attorney's analysis and trial strategy (*see, Kane v Her-Pet Refrig.,* 181 AD2d 257, 267; *Graf v Aldrich,* 94 AD2d 823, 824). The burden of establishing the application of the exemption rests on the party

resisting discovery. The respondents' mere assertion that items constitute an attorney's work product, or are materials prepared for litigation, will not suffice (see, Brown v Brown, 162 AD2d 429, 430).

In view of the foregoing, the material in the court file concerning communications made and documents provided at the meeting on March 30, 1990, communications made at the meeting on July 6, 1990, and the hearing testimony of the CEO with respect to those meetings, should be released to the appellant and we therefore remit the matter to the Supreme Court, Suffolk County. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.