■ BIB CONSTRUCTION COMPANY, INC., Plaintiff, v CITY OF POUGHKEEPSIE et al., Defendants. (Action No. 1.) DIRECTOR

Door Corp., Plaintiff, v Bib Construction Company, Inc., Defendant. (Action No. 2.) Firemans Insurance Company of Newark, New Jersey, Appellant, v City of Poughkeepsie et al., Respondents, et al., Defendants. (Action No. 3.) [687 NYS2d 284] —In three related actions, *inter alia*, for a judgment declaring the rights of the parties and to recover damages for breach of contract, the plaintiff in Action No. 3, Firemans Insurance Company of Newark, New Jersey, appeals, by permission, from an order of the Supreme Court, Dutchess County (Beisner, J.), entered December 10, 1997, which, upon a prior order of the same court, granting the motion of the defendant City of Poughkeepsie for letters rogatory and an open commission to obtain discovery from the nonparty Kraus-Anderson Construction Company, directed the nonparty Kraus-Anderson Construction Company to produce documents to certain defendants in Action No. 3 to which the appellant asserts a claim of privilege.

Ordered that the order is affirmed, with costs.

The mere assertion of the appellant that the documents under review were shielded by the attorney-client privilege, or were exempt from disclosure as attorney work product or as material prepared for litigation, did not satisfy its burden of showing that the materials in question were protected from disclosure (*see, e.g., People v Osorio,* 75 NY2d 80; *Doe v Poe,* 244 AD2d 450, *affd* 92 NY2d 864). We detect no abuse or improvident exercise of the Supreme Court's broad discretionary powers with regard to discovery matters in directing disclosure of the documents in question (*see, e.g., Hines v Rap Realty Corp.,* 254 AD2d 330; *Salkey v Mott,* 237 AD2d 504).

The appellant's remaining contentions are without merit. Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.