■ GEORGE KELLNER et al., Respondents, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendant. [712 NYS2d 363] —In an action to recover damages for personal injuries, etc., the defendant General Motors Corp. appeals from so much of an order of the Supreme Court, Nassau County (McCarty, J.),

dated July 2, 1999, granted that branch of the plaintiffs' motion which was to compel the production of the documents demanded in Items 9 and 10 of their supplemental notice for discovery and inspection, and denied its cross motion for a protective order concerning those documents.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the Supreme Court's determination that the subject documents were not protected from disclosure by the attorney-client privilege, as attorney work product, or as material prepared for litigation (*see,* CPLR 3101 [b], [c], [d] [2]; 4503) was a provident exercise of discretion. The burden of establishing that disputed material is exempt from disclosure is on the party opposing discovery (*see, Crazytown Furniture v Brooklyn Union Gas Co.,* 145 AD2d 402, 403; *Bloss v Ford Motor Co.,* 126 AD2d 804, 805), and conclusory allegations of privilege are not sufficient to satisfy that burden (*see, Bib Constr. Co. v City of Poughkeepsie,* 260 AD2d 590). Despite the fact that the appellant labelled the documents a "Litigation Study", the primary impetus for and predominant purpose of the study was to improve the safety and design of the seating components in its vehicles. Moreover, there is no evidence that the study was generated to assist the legal staff in the defense of any pending or future litigation. Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.