[712 NYS2d 610]

In the Matter of JAMES J. CONWAY, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 21, 2000

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Catherine A. Sheridan* of counsel), for petitioner.

*Thomas P. Puccio,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing one charge of professional misconduct. In his answer, the respondent admitted the factual allegations contained in the petition, but denied that any disciplinary sanction should be imposed on him. After a hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to vacate the order of interim suspension and for reinstatement to the practice of law.

The charge alleges that the respondent engaged in professional misconduct, as defined by 22 NYCRR 691.2, by virtue of having been convicted of a crime.

A misdemeanor information was filed in the United States District Court for the Eastern District of New York charging the respondent with one count of receipt of commissions for procuring loans in violation of 18 USC § 215 (a) (2). On or about February 27, 1998, before the Honorable Thomas C. Platt, United States District Court Judge, and with the consent of the court and the United States Attorney, the respondent pleaded guilty to the charge and waived his right to a jury trial. On or about September 16, 1998, the respondent was sentenced by Judge Platt to a term of three years probation, a fine in the amount of $200,000, 300 hours of community service, and an assessment fee in the amount of $25.

The respondent does not challenge the Special Referee's determination sustaining the charge of professional misconduct against him. In view of the documentary evidence proffered by the Grievance Committee and the respondent's admissions, the charge was properly sustained by the Special Referee. However, the respondent asks this Court to consider the testimony of his six character witnesses, who testified that he is a man of high moral character and integrity, with a strong charitable bent, and that he is dedicated to his family and to helping others. He also asks the Court to consider that there is no allegation that his misconduct brought harm to anyone, nor is there any allegation that his misconduct was venal or malicious. The respondent further asks the Court to consider that his misconduct was an aberration, that it occurred more than a decade ago, and that it is incapable of repetition. The respondent contends that under these circumstances, the period of interim suspen-

sion is sufficient, and no additional period of suspension is necessary to maintain the integrity and honor of the legal profession, to protect the public, or to protect the interests of justice. The respondent has no prior disciplinary history.

The facts underlying the respondent's conviction were the subject of two appeals decided by this Court in 1993 and 1997, respectively (*see, Doe v Poe,* 189 AD2d 132, 244 AD2d 450, *affd* 92 NY2d 864).

The mitigating circumstances proffered by the respondent notwithstanding, the fact remains that, while chairman of the board and chief executive officer of a savings bank, he engaged in a scheme of illegal kickbacks, using his daughter and daughter-in-law as conduits to circumvent Federal law prohibiting him from receiving compensation from his former law firm, which relied on the bank for approximately 90% of its business. The payments were substantial, totalling more than $3 million. Such misconduct, which went on for several years, can hardly be deemed aberrational.

Under the totality of the circumstances, the respondent is disbarred for his professional misconduct.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion to vacate the order of interim suspension and to reinstate him to the practice of law is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, James J. Conway, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James J. Conway, Jr. is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority,

(3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.