In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated August 1, 2011, which, after an in camera inspection, denied his motion to compel the defendants to produce certain documents listed in their privilege log and supplemental privilege log.
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying those branches of the plaintiffs motion which were to compel the defendants to produce documents designated as numbers 88 and 89 in the defendants’ privilege log and number 11 in the defendants’ supplemental privilege log, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
*650 “ ‘Generally, the trial court is afforded broad discretion in supervising disclosure and its determinations will not be disturbed unless that discretion has been clearly abused . . . However, the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse’ ” (Matter of Astor, 62 AD3d 867, 868 [2009], quoting Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]).
Upon our in camera inspection of the documents at issue on appeal, we find that the Supreme Court providently exercised its discretion in denying those branches of the plaintiffs motion which were to compel the defendants to produce the documents withheld based on attorney-client privilege (see CPLR 3101 [b]; 4503 [a]; Roswell Park Cancer Inst. Corp. v Sodexo Am., LLC, 68 AD3d 1720, 1721-1722 [2009]; Robert V. Straus Prods. v Pollard, 289 AD2d 130, 131 [2001]; Charter One Bank v Midtown Rochester, 191 Misc 2d 154, 164-166 [2002]), as well as various statutes governing information gathered or provided by hospitals (see Public Health Law §§ 2805-m, 230 [11]; Education Law § 6527 [3]; Klingner v Mashioff, 50 AD3d 746, 747 [2008]; Atkins v Guest, 201 AD2d 411, 412 [1994]).
The defendants contend that four documents characterized in the privilege log and supplemental privilege log as attorney work product (see CPLR 3101 [c]) were, in the alternative, properly withheld as materials prepared in anticipation of litigation (see CPLR 3101 [d]). This contention, raised for the first time on appeal, is not properly before this Court (see Howard Rosengarten, P.C. v Hott, 49 AD3d 328, 328-329 [2008]). Moreover, the defendants failed to meet their burden of establishing that three of the four documents, namely those designated as numbers 88 and 89 in the privilege log and number 11 in the supplemental privilege log, constitute attorney work product (see Bib Constr. Co. v City of Poughkeepsie, 260 AD2d 590, 591 [1999]; Doe v Poe, 244 AD2d 450, 451-452 [1997], affd 92 NY2d 864 [1998]; Bras v Atlas Constr. Corp., 153 AD2d 914, 915 [1989]; see also Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 381 [1991]). Accordingly, the Supreme Court improvidently exercised its discretion in denying those branches of the plaintiffs motion which were to compel the defendants to produce those documents.
In light of the narrow scope of the parties’ stipulation relating to document production, the plaintiffs contentions regarding the defendants’ objections to sealing the record and prior disclosures of certain documents are not properly before this *651 Court (see Goldberger v Eisner, 90 AD3d 835, 836 [2011]; Mandia v King Lbr. & Plywood Co., 179 AD2d 150, 159-160 [1992]; Nishman v De Marco, 76 AD2d 360, 366 [1980]). Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.