LINDA L. BEASOCK, Individually and as Administratrix of the Estate of ANTHONY J. BEASOCK, Deceased, Respondent, v DIOGUARDI ENTERPRISES, INC., et al., Defendants, and KELSEY-HAYES COMPANY, Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: We hold that the absolute privilege protecting attorney's work product from disclosure (CPLR 3101 [c]) extends not only to materials prepared for the litigation then in progress, but also to work product prepared for other litigation. The statute granting the privilege does not contain any language restricting its application. Moreover, the purpose of the privilege would be frustrated if work product of an attorney prepared for prior litigation could be used against a client in a subsequent action. The privilege is designed to permit the attorney to communicate freely and candidly with his client uninhibited by any concern that his communications will be available to his client's adversaries. "[T]he attorney may not properly perform, and the client may not seek his due, if candid professional opinions prepared for a client in one case may be used against the client in subsequent litigation" (Duplan Corp. v Moulinage et Retorderie, 509 F2d 730, 736, cert denied 420 US 997; see, Federal Trade Commn. v Grolier, Inc., 462 US 19; Hickman v Taylor, 329 US 495, 510-511; United States v Pfizer, Inc., 560 F2d 326, 335).

The cases of Milone v General Motors Corp. (84 AD2d 921) and Bennett v Troy Record Co. (25 AD2d 799), cited by plaintiff, are not to the contrary. Both construed CPLR 3101 (d), relating to "material prepared for litigation", and not subdivision (c), which provides that "[t]he work product of an attorney shall not be obtainable."

Accordingly, the order appealed from is amended by deleting the provision requiring defendant Kelsey-Hayes to produce work product of an attorney.

We otherwise affirm. Under the circumstances, the court did

not abuse its discretion in ordering defendant Kelsey-Hayes to make a further search and to explain the absence of any missing items. (Appeal from order of Supreme Court, Monroe County, Boehm, J.—discovery.) Present—Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.