■ JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, and Liquidator of American Fidelity Fire Insurance Company and Another, Respondent, v PEAT, MARWICK, MITCHELL AND COMPANY, Defendant and Third-Party Plaintiff, et al., Third-Party Defendants. IVAN O. KLINE et al., Nonparty Appellants.—Order of the Supreme Court, New York County (Ethel B. Danzig, J.), entered on or about November 15, 1988, which granted plaintiff's motion for an order directing Ivan Kline, an attorney, to testify without interposing the attorney's work product privilege and for Lord Day & Lord, Barrett Smith to produce certain documents but exempted from discovery any evaluation of the case, trial strategy and the like, is unanimously reversed on the law and the motion denied, without costs or disbursements.

This appeal was brought by nonparty witness, Ivan Kline, Esq., and the law firm of Lord Day & Lord, Barrett Smith from an order of the Supreme Court directing Kline to testify concerning his recollections of certain interviews and Lord Day to produce Kline's notes of those interviews. In that connection, in June of 1984, plaintiff-respondent Superintendent of Insurance filed a petition to take possession and rehabilitate two New York insurers, American Fidelity Fire Insurance Company (AFFIC) and American Consumer Insurance Company (ACIC). AFFIC and ACIC retained the prede-

cessor law firm to Lord Day to oppose the petition, and Kline was one of the attorneys working on the case. Among his responsibilities was to interview accountants of Peat, Marwick, Mitchell and Company, the insurers' independent auditors, with respect to allegations contained in the Superintendent's petition, as well as the insurers' possible responses. Thereafter, AFFIC and ACIC submitted papers, including an affirmation by Kline, in opposition to the petition. The Superintendent then deposed Paul Zucconi, the senior accountant on the matter. The petition was subsequently granted authorizing the Superintendent to take control of the two insurance companies.

In the instant action, the Superintendent seeks to recover compensatory and punitive damages against Peat, Marwick for accountant's malpractice. Pursuant thereto, he served subpoenas upon Kline and Lord Day in an effort to compel Kline to testify about his interviews with Peat, Marwick's accountants and to obtain his notes of these interviews. In granting the motion to direct Kline to testify and for disclosure of his notes except to the extent of exempting from discovery "any evaluation of the case, trial strategy and the like", the Supreme Court concluded that the attorney-client or attorney's work product privilege "cannot be invoked as to material used to prepare a public document." However, the court's order is unsupported by either the statutory or case law and was, therefore, in error.

The applicable legal provision is CPLR 3101, which relates to the scope of disclosure and states in pertinent part:

"(c) Attorney's work product. The work product of an attorney shall not be obtainable.

"(d) Trial preparation. * * *

"2. Materials. Subject to the provisions of paragraph one of this subdivision, materials otherwise discoverable under subdivision (a) of this section and prepared in anticipation of litigation or for trial by or for another party, or by or for that other party's representative (including an attorney, consultant, surety, indemnitor, insurer or agent), may be obtained only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theo-

ries of an attorney or other representative of a party concerning the litigation."

While an attorney's work product is absolutely exempt from discovery *(Beasock v Dioguardi Enters.,* 117 AD2d 1016; *Kandel v Toher,* 22 AD2d 513), materials prepared in anticipation of litigation are subject to a conditional privilege *(see, Mers v Intermedics, Inc.,* 107 AD2d 551). Lawyer's interviews, mental impressions and personal beliefs procured in the course of litigation are deemed to be an attorney's work product *(Hickman v Taylor,* 329 US 495; *see also, Lane Bryant, Inc. v Cohen,* 86 AD2d 805; *Carhart v Relmar Operating Corp.,* 66 AD2d 680). The attorney's work product privilege extends both to the litigation for which it was made and to any subsequent actions *(see, Federal Trade Commn. v Grolier Inc.,* 462 US 19; *Beasock v Dioguardi Enters., supra).* Regardless of whether or not such a privilege may, under appropriate circumstances, be considered inapplicable as to material used to prepare a public document, the fact remains that Kline's conversations with Peat, Marwick's accountants and his notes with respect thereto were clearly an attorney's work product, as well as being made in contemplation of litigation.

In the course of litigation, much of an attorney's effort is directed at preparing various documents. The fact that information elicited by a lawyer may be utilized in order to submit papers and exhibits to the court, including an attorney's affirmation, and is not restricted to assisting counsel in delivering oral presentations does not generally render the work product less exempt from discovery. It is certainly highly likely that had Kline expected that the information obtained from his discussions with the accountants was discoverable, he would not have conducted these interviews in the manner in which he did nor would he have taken any notes. Moreover, the limitations upon Kline's conversations with the accountants necessitated by the knowledge that they might be subject to disclosure would have had an extremely detrimental effect on the ability to prepare an effective and informed defense on behalf of his clients. It is precisely to protect the integrity and vitality of the adversarial system that the attorney-client and attorney's work product privileges have been adopted *(see, Hickman v Taylor, supra).* Finally, it should be noted that the Supreme Court herein failed entirely to consider the relevance of the conditional privilege accorded to materials prepared for litigation (CPLR 3101 [d] [2]) insofar as this provision requires the movant to make a demonstration of "substantial need" and "undue hardship". Significantly, the

Superintendent does not claim that Peat, Marwick's accountants are unavailable for further examination. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Rosenberger, JJ.