■ COASTAL OIL NEW YORK, INC., Formerly Known as BELCHER COMPANY OF NEW YORK, INC., Appellant, v JAMES J. PECK et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about April 5, 1991, which, *inter alia,* ordered the deposition of Jeffrey Walker, unanimously modified, on the law and the facts, to provide that the order requiring Mr. Walker's deposition is without prejudice to his right to assert either the attorney-client privilege or the work-product privilege, where appropriate, in response to specific questions, and otherwise unanimously affirmed, without costs.

The attorney-client privilege requires some showing that the subject information was disclosed in a confidential communication to an attorney for the purpose of obtaining legal advice *(Matter of Priest v Hennessy,* 51 NY2d 62, 68-69). The work-product privilege requires an attorney affidavit showing that the information was generated by an attorney for the purpose of litigation *(see, Warren v New York City Tr. Auth.,* 34 AD2d 749). The burden of satisfying each element of the privilege falls on the party asserting it *(Matter of Priest v Hennessy, supra,* at 69), and conclusory assertions will not suffice *(Witt v Triangle Steel Prods. Corp.,* 103 AD2d 742). Mr. Walker should be afforded an opportunity to satisfy these burdens at his deposition.

We have reviewed plaintiff's remaining contention, and find it to be without merit. Concur—Ellerin, J. P., Kupferman, Ross, Asch and Kassal, JJ.