**23** SIEMENS SOLAR INDUSTRIES, Appellant, v ATLANTIC RICHFIELD COMPANY, Respondent. [667 NYS2d 248] —Order, Supreme Court, New York County (Herman Cahn, J.), entered October 11, 1996, which denied plaintiff's motion for an order directing defendant and its attorneys to turn over to plaintiff notes and memoranda concerning interviews of third-party witnesses conducted by defendant's attorneys, unanimously affirmed, with costs.

Notes and memoranda made in connection with a lawyer's interview of a witness procured in the course of litigation constitute attorney's work product, which is absolutely exempt from discovery (*Corcoran v Peat, Marwick, Mitchell & Co.*, 151 AD2d 443, 445; *People v Marin*, 86 AD2d 40, 43-44; CPLR 3101 [c]). Even if the subject notes and memoranda constitute materials prepared for litigation, but not attorney's work product, plaintiff would not be entitled to examine the materials because plaintiff declined an opportunity to conduct similar interviews of the witnesses for the reason that it did not wish to compensate the witnesses for their expenditure of time. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.

■ In the Matter of DANIELLE LE'CET G. [671 NYS2d 965] —Motion granted to the extent of vacating this Court's unpublished order entered on December 9, 1997 (M-5173), directing calendaring of the appeal for the September 1998 Term, and directing perfection for said Term. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.