■ DAVID FRAYLICH, an Infant, by His Mother and Natural Guardian, LEAH FRAYLICH, et al., Appellants, v MAIMONIDES HOSPITAL et al., Respondents. [674 NYS2d 668] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about September 30, 1997, which, in a medical malpractice action, denied plaintiffs' motion for an order directing defendants' attorney to identify the infant plaintiff's treating physicians he has interviewed, produce copies of any documents relating to such interviews, and refrain from any such further interviews, unanimously affirmed, without costs.

We are in accord with the Second and Third Departments that the prohibition against the defendant in a medical malpractice action interviewing the plaintiff's treating physicians without a court order or the plaintiff's consent is limited to the pretrial stage of the action (*Zimmerman v Jamaica Hosp.*, 143 AD2d 86, 88, *lv denied* 73 NY2d 702; *Tiborsky v Martorella*, 188 AD2d 795, 796-797), not the situation here, where the offending interview was conducted after the note of issue was filed. Nor are plaintiffs entitled to any documents defendants' attorney may have created relating to the interview, such being privileged as attorney work product (CPLR 3101 [c]; *see*,

*Corcoran v Peat, Marwick, Mitchell & Co.*, 151 AD2d 443, 445). That part of plaintiffs' motion as sought to compel defendants' attorney to identify the treating physicians with whom he has met was properly denied as moot in view of the attorney's affirmation that there was only one interview conducted with only the one physician who has been identified. Concur—Sullivan, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.