■ CAROLYN D. LUCE, as Guardian ad Litem for FRANK J. LUCE, JR., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 85728.) [697 NYS2d 806] —Order unanimously re-

versed on the law without costs and motion granted. Memorandum: After a trial on liability, defendant, State of New York (State), was found liable in negligence and malpractice for injury sustained by Frank J. Luce, Jr., for whom claimant was appointed guardian ad litem, when Luce attempted suicide while a patient at Gowanda Psychiatric Center. Some of the same State-employed health care professionals who were found negligent in the liability trial continued to treat Luce after the suicide attempt. After the trial on liability, claimant objected to any private consultation between the Assistant Attorney General (defense counsel) and those State employees furnishing care to Luce. The Court of Claims denied the motion by the State to permit defense counsel to confer privately with its employees who have continued to treat Luce and prohibited any communication between defense counsel and the employees except under CPLR article 31 or with claimant's consent. That was error.

Claimant waived all applicable claims of privilege relative to Luce's medical and psychiatric care by filing the claim (*see, Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457; *Conrad v Park*, 204 AD2d 1011; *Wachtman v Trocaire Coll.*, 143 AD2d 527; *cf., Dillenbeck v Hess*, 73 NY2d 278, 286-288; *Koump v Smith*, 25 NY2d 287). Claimant's reliance on *Stoller v Moo Young Jun* (118 AD2d 637), *Cwick v City of Rochester* (54 AD2d 1078) and *Anker v Brodnitz* (98 Misc 2d 148, *affd* 73 AD2d 589, *lv dismissed* 51 NY2d 743) is misplaced. Those cases hold only that defense counsel may not privately interview *nonparty* treating physicians during the discovery phase of an action (*see also, Fraylich v Maimonides Hosp.*, 251 AD2d 251; *Tiborsky v Martorella*, 188 AD2d 795, 796-797). If this were an action against the individual health care providers, they would be entitled to confer privately with counsel. In view of claimant's waiver of privilege, neither their status as employees of the State nor the fact that they have continued to treat Luce affects that entitlement. (Appeal from Order of Court of Claims, Lane, J.—Discovery.) Present—Lawton, J. P., Hayes, Pigott, Jr., Hurlbutt and Balio, JJ.