OPINION OF THE COURT
Eileen Bransten, J.
*742 In motion sequence number 02, defendant Lenox Hill Hospital moves for an order compelling plaintiff Lillian Stevens, as administratrix of the estate of Edward Stevens, and Lillian Stevens, individually, to provide Health Insurance Portability and Accountability Act (HIPAA) compliant authorizations permitting it to privately interview its former employee or agent Catherine Julius, upon whose alleged conduct plaintiff seeks to hold it vicariously liable.
Plaintiff opposes the motion.
Background
On May 11, 2000, Edward Stevens, a patient at Lenox Hill, went into cardiac arrest following coronary artery bypass grafting surgery. (Affirmation in support 1Í 2.) Catherine Julius (nurse Julius) — a nurse working at Lenox Hill on assignment from Cross Country Staffing, Inc., a traveling nurse’s agency— was involved in monitoring Mr. Stevens on that date. (Affirmation in support HH 2, 10; see also affirmation in opposition at 2.)
In July 2002, plaintiff commenced this medical malpractice action, alleging, among other things, that Lenox Hill and its agents were negligent in monitoring Mr. Stevens (now deceased) following the bypass surgery. (Affirmation in support 1i 2.)
At her deposition, Ms. Stevens testified that nurse Julius told her that:
“the patient is supposed to have a camera on it and on the floor in the front the nurses have a station where they monitor the cameras, the camera that was supposed to be on my husband was on the machine that was turned off instead of on the bed. And therefore, the nurse in the front did not know what was going on in the room and he was not monitored for the 45 minutes until the machine, the defibrillator went off and they realized there was something wrong and they came in.” (Affirmation in support exhibit H.)
Cognizant of that testimony, none of the parties chose to take nurse Julius’ deposition.
The note of issue, signifying trial readiness, was filed on November 19, 2004.
At a January 2007 conference, plaintiff refused to consent to provide HIPAA-compliant authorizations allowing counsel for Lenox Hill to conduct an ex parte private interview with nurse Julius.
*743 Lenox Hill now moves for an order compelling plaintiff to provide an authorization allowing it to privately interview nurse Julius “for whose alleged conduct Plaintiff seeks to hold Lenox Hill liable.” (See order to show cause.) Lenox Hill urges that because it can be held liable for nurse Julius’ negligence, she should be treated like its employee and a private interview is permitted pursuant to Luce v State of New York (266 AD2d 877 [4th Dept 1999]).
Lenox Hill argues that recent Appellate Division cases holding that a plaintiff cannot be compelled to provide authorizations permitting ex parte interviews are inapposite because they did not involve “requests to interview clients or ‘shadow clients’ like [nurse] Julius.” (Affirmation in support If 20.) Lenox Hill contends that the “importance of being afforded the right to meet with this individual cannot be overstated. If followed, any ruling prohibiting us from doing so would render it virtually impossible to defend corporate clients in medical malpractice actions.” (Id. 1i 24.)*
Plaintiff opposes the motion relying on recent Appellate Division decisions, which hold that a party cannot be compelled to consent to allowing a treating physician to speak ex parte with opposing counsel. (See e.g. Arons v Jutkowitz, 37 AD3d 94, 97 [2d Dept 2006], lv granted 2007 NY Slip Op 64723[U] [2d Dept 2007]; Kish v Graham, 40 AD3d 118, 123 [4th Dept 2007], lv granted 41 AD3d 1323 [4th Dept 2007].) Plaintiff argues that Luce v State of New York (266 AD2d 877 [1999]), which allowed defense counsel to speak with employees furnishing care to plaintiff outside plaintiffs counsel’s presence, “is no longer viable” and that because nurse Julius was not employed by Lenox Hill it is, in any event, inapplicable. (Affirmation in opposition at 2.) Plaintiff also points out that the note of issue was filed in November 2004, more than 2Va years ago, and that Lenox Hill has not demonstrated “unusual or unanticipated circumstances” justifying what would amount to post-note of issue disclosure. (Affirmation in opposition at 3.) Plaintiff emphasizes *744 that Lenox Hill could have taken nurse Julius’ deposition but failed to do so, and now, “on the eve of trial, defense counsel wishes to obtain information . . . in an unauthorized manner.” (Id.)
In reply, counsel for Lenox Hill maintains the right to meet informally with “our own ‘shadow’ client, with or without prior notice to Plaintiff or the Court.” (Affirmation in reply 1Í 6.) Lenox Hill states that “a HIPAA authorization will provide Nurse Julius with the assurance she needs that this interview would not run afoul of HIPAA.” (Id.)
Because there is no basis for compelling plaintiff to provide a HIPAA authorization to facilitate ex parte communications between Lenox Hill’s attorneys and nurse Julius, the hospital’s motion is denied.
Analysis
The Appellate Division has concluded that “ ‘courts should not become involved in post-note of issue trial preparation matters and should not dictate to plaintiffs or defense counsel the terms under which interviews with non-party witnesses may be conducted.’ ” (Arons v Jutkowitz, 37 AD3d 94, 101 [2006], quoting Holzle v Healthcare Servs. Group, Inc., 7 Misc 3d 1027[A], 2005 NY Slip Op 50770[U], *8 [2005]; Kish v Graham, 40 AD3d 118, 123-124 [2007].) That the Appellate Division cases involved ex parte discussions with plaintiffs’ subsequent treating physicians and not witnesses upon whom liability could be based does not alter the conclusion that a plaintiff should not be compelled to allow a medical provider to have private communications with others outside the patient’s presence. This court has no occasion to address whether HIPAA bars defense counsel from speaking with nurse Julius. The court, however, will not force plaintiff to affirmatively authorize the private communications.
Significantly, in Luce v State of New York (266 AD2d 877, 878 [1999]), although the Court allowed the Assistant Attorney General to confer privately with state-employed health care professionals who were found negligent in the liability trial and continued to treat plaintiff, it never required plaintiff to authorize such communications or allowed ex parte discussions with nonemployees. Moreover, though the New York State Court of Appeals has acknowledged the value of informal interviews in preparation for trial as opposed to depositions, explaining that costly formal depositions may deter litigants with limited re *745 sources and are no substitute for “off-the-record private efforts to learn and assemble, rather than perpetuate, information” (see Niesig v Team I, 76 NY2d 363, 372 [1990]), it has not required an opposing party or court to facilitate or play any role whatsoever in these informal independent sessions.
In the end, this court will not compel a party to cooperate with its adversary’s trial preparation. If a party requires judicial assistance with obtaining information, it must use the disclosure devices and vehicles authorized by CPLR article 31 and the Uniform Rules for the New York State Trial Courts.
Accordingly, it is ordered that Lenox Hill’s motion to compel plaintiff to provide HIPAA-compliant authorizations, permitting it to privately interview nurse Julius, is denied.

 Lenox Hill also sets forth that its “Compliance and Confidentiality Agreement” with Cross Country Staffing, Inc. directs nurses to keep all medical records and patient information confidential “ ‘except as directed by Lenox Hill.’ ” (Affirmation in support exhibit I.) Lenox Hill asserts that the provision “implies” that it had the contractual right to speak with nurse Julius. The confidentiality agreement, however, is not on point here since neither plaintiff nor plaintiffs decedent was a party thereto and the agreement does not obligate plaintiff to execute HIPAA-compliant authorizations facilitating ex parte communications.