■ Julie Karen Nacos, Plaintiff, v John Christopher Nacos, Respondent. Michael Leichtling et al., Nonparty Appellants.
[1 NYS3d 90]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered June 4, 2014, which denied nonparty appellants' motion to reject a special referee's report and recommendation, dated March 10, 2004, and granted defendant's cross motion to confirm the report and recommendation, unanimously affirmed, without costs.

The motion court properly concluded that there was no basis for a protective order or an order quashing a document request in subpoenas served on appellants. Appellants, the father and brother of plaintiff, failed to establish that an attorney-client relationship existed between them and plaintiff in this divorce action. Accordingly, they failed to establish that the requested correspondence is privileged based on such a relationship (*see Matter of Priest v Hennessy*, 51 NY2d 62, 68-69 [1980]; *see also Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377-378 [1991]). The motion court correctly noted that appellants, both of whom are attorneys, but not matrimonial lawyers, and neither of whom appeared in the divorce proceedings, failed to state specific legal tasks they performed, or legal advice they provided, on plaintiff's behalf (*Pellegrino v Oppenheimer & Co., Inc.*, 49 AD3d 94, 99 [1st Dept 2008]; *Coastal Oil N.Y. v Peck*, 184 AD2d 241, 241 [1st Dept 1992]), and their conclusory statements are insufficient (*Coastal*, 184 AD2d at 241). To the extent that appellants helped plaintiff select counsel, this alone does not establish an attorney-client relationship. In addition, to the extent that plaintiff's brother helped her understand certain financial documents, this, without more, does not demonstrate that he advised her on legal, rather than business, matters (*see Rossi v Blue Cross & Blue Shield of Greater N.Y.*, 73 NY2d 588, 594 [1989]).

Even if the requested correspondence is privileged based on the attorney-client relationship between plaintiff and her prior matrimonial counsel, that privilege was waived because the communications were "copied to, sent to, or authored by" appellants (*Gama Aviation Inc. v Sandton Capital Partners, L.P.*, 99 AD3d 423, 424 [1st Dept 2012]). Appellants failed to prove that the privilege was not waived, as their statements regarding nonwaiver are conclusory (*Nab-Tern-Betts v City of New York*, 209 AD2d 223, 224 [1st Dept 1994]). Further, appellants failed to show that they were acting as plaintiff's agent when communicating with her prior counsel (*see Gama*, 99 AD3d at 424).

In particular, appellants failed to indicate how they facilitated communications with her prior counsel (*see Stroh v General Motors Corp.*, 213 AD2d 267, 268 [1st Dept 1995]). As noted, appellants are not matrimonial lawyers, and plaintiff is undisputedly educated and capable of communicating directly with her attorneys (*cf. Stroh*, 213 AD2d at 268). Accordingly, under the circumstances, any expectation that the requested communications would remain confidential was unreasonable (*see id.*).

Appellants had sufficient notice of the circumstances or reasons underlying the subpoena request (*see* CPLR 3101 [a] [4]), and they failed to establish that the correspondence sought is "utterly irrelevant" to the divorce action (*Matter of Kapon v Koch*, 23 NY3d 32, 34 [2014] [internal quotation marks omitted]). The request seeks correspondence only with prior matrimonial counsel, and appellants did not state or demonstrate that such communications are irrelevant to the financial issues to be tried. In any event, the motion court has already made clear that any documents to be produced shall be limited in scope to the financial issues being tried. Further, the mere fact that the request seeks documents spanning a five-year period beginning in January 2009 does not render it overbroad (*see Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 37, 40 [1st Dept 1998] [document requests "limited to a relatively brief time frame (of 26 months)" were upheld]). Indeed, the request seeks documents during the relevant time period—namely, shortly before the commencement of the first divorce proceeding to the date of trial in New York. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Kapnick, JJ.