Matter of Energy & Envtl. Legal Inst. v Attorney Gen. of the State of N.Y. (2018 NY Slip Op 04102)





Matter of Energy & Envtl. Legal Inst. v Attorney Gen. of the State of N.Y.


2018 NY Slip Op 04102


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6819 101181/16

[*1]In re Energy & Environmental Legal Institute, et al., Petitioners-Appellants,
v
Attorney General of the State of New York, et al., Respondents-Respondents.


Law Office of Francis Menton, New York (Francis Menton of counsel), for appellants.
Eric T. Schneiderman, Attorney General, New York (Linda Fang of counsel), for respondents.



Judgment (denominated decision, order and judgment), Supreme Court, New York County (Arlene P. Bluth, J.), entered June 7, 2017, insofar as appealed from as limited by the briefs, denying so much of the petition as sought to compel respondent to disclose an email dated October 30, 2015 in response to petitioners' request pursuant to the Freedom of Information Law (FOIL), and bringing up for review an order (denominated interim decision and order), same court and Justice, entered June 5, 2017, which denied petitioners' request for a search of respondent's personal email accounts, unanimously affirmed, without costs.
Petitioners' FOIL request seeks any personal email correspondence between respondent and any of eight individuals, containing any of seven terms during a certain time period. Petitioners failed to establish a reasonable likelihood that such accounts contain any records responsive to this particular FOIL request. Further, there was an insufficient showing that respondent used private accounts or devices to carry out his official duties which would warrant ordering respondent's private email account(s), text messages or other private devices be searched.
The court correctly found that respondent's right to invoke the inter- or intra-agency exemption to FOIL as to an email message sent to respondent was not waived when the sender added a third party to the "cc" field" of the email and instructed the third party to print attached materials and deliver them to respondent, in the absence of any expectation that the third party would review the substance of those materials or disclose them to others (see e.g. Gama Aviation Inc. v Sandton Capital
Partners, L.P., 99 AD3d 423, 424 [1st Dept 2012]; Robert V. Straus Prods. v Pollard, 289 AD2d 130 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK