Molner v Molner (2024 NY Slip Op 04912)

Molner v Molner

2024 NY Slip Op 04912

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Index No. 301261/12 Appeal No. 2738, M-4082 Case No. 2024-01055 

[*1]David Molner Plaintiff-Respondent,
v
Naomi Molner, Defendant-Appellant.

Robert S. Michaels P.C., New York (Robert S. Michaels of counsel), for appellant.
David L. Molner, respondent pro se.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about January 26, 2024, which, to the extent appealed from, directed defendant wife's counsel to comply with the subpoena duces tecum served by pro se plaintiff husband, unanimously affirmed, without costs.
The motion court properly denied the wife's assertion of attorney-client privilege over communications involving her parents requested in a subpoena served upon her counsel by the husband. Communications in the known presence of a third party are generally not privileged (see Gama Aviation Inc. v Sandton Capital Partners, L.P., 99 AD3d 423, 424 [1st Dept 2012]). Although "an exception exists for one serving as an agent of either attorney or client" (id. [internal quotation marks omitted]), conclusory statements of nonwaiver, without an indication of how the purported agent facilitated communications, cannot preserve the privilege (see Nacos v Nacos, 124 AD3d 462, 462-463 [1st Dept 2015]).
Here, as the motion court noted, the wife is an educated, practicing physician, and neither she nor her parents provided any evidence, including for example an affidavit, demonstrating that the wife's parents were "deemed necessary to enable the attorney-client communication" to warrant extending attorney-client privilege (Spicer v GardaWorld Consulting [UK] Ltd., 181 AD3d 413, 414 [1st Dept 2020] [internal quotation marks omitted], lv dismissed 37 NY3d 1084 [2021]; compare Stroh v General Motors Corp., 213 AD2d 267 [1st Dept 1995]). Under these circumstances, the wife's expectation that all communications involving her parents would remain confidential is unreasonable.
The wife's argument that the husband's subpoena should be stricken as overly broad and burdensome is improperly raised for the first time on appeal, and we decline to review it (see 324 E. 9th St. Corp. v Acordia Northeast-N.Y., 29 AD3d 367, 367 [1st Dept 2006]).
M-4082 - Molner v Molner Motion to strike plaintiff husband's brief, denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024