## McGuigan v Gendell

2025 NY Slip Op 31944(U)

May 31, 2025

Supreme Court, New York County

Docket Number: Index No. 650294/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

PETER MCGUIGAN, FOUNDRY MEDIA, LLC,

Plaintiffs,

- v -

YFAT REISS GENDELL, YRG PARTNERS IN LITERARY
& MEDIA NY, LLC, WOODRUFF HICKORY, LLC,
BRADLEY GENDELL,

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650294/2021 |
| **MOTION DATE** | 04/25/2025, 04/25/2025 |
| **MOTION SEQ. NO.** | 019 020 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 019) 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 497, 498, 499, 500, 505

were read on this motion to _____ COMPEL DISCOVERY _____.

The following e-filed documents, listed by NYSCEF document number (Motion 020) 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 496, 501, 502, 503, 504, 506, 507, 508

were read on this motion to _____ COMPEL DISCOVERY _____.

Plaintiffs Peter McGuigan ("McGuigan") and Foundry Media, LLC ("Foundry," together

with McGuigan, "Plaintiffs") and Defendants Yfat Reiss Gendell ("Gendell"), YRG Partners in

Literary & Media NY, LLC ("YRG"), Woodruff Hickory, LLC (together with Gendell and

YRG, "Defendants") each move to compel production of documents responsive to their

respective discovery requests. Upon the foregoing documents and following oral argument held

on May 28, 2025, each motion is **granted in part**.

## **Defendants' Motion**

### *I. Documents concerning Ultra*

Defendants seek documents responsive to numerous overlapping requests regarding

Ultra, McGuigan's new literary agency (*see generally* NYSCEF 469 [Defendants' First Requests

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  019 020**

Page 1 of 11

for Production, "RFPs"]; NYSCEF 476 [Defendants' Third Notice for Discovery and Inspection]). These requests generally seek Ultra's bank statements and other financial records, and documents regarding Plaintiffs' and/or Ultra's attempts to solicit former Foundry employees, agents, and clients. "To prevail on a motion to compel disclosure, a party is required to satisfy the threshold requirement of demonstrating that the disclosure sought is material and necessary to the prosecution or defense of the action" (*Bayview Loan Servicing, LLC v Charleston*, 175 AD3d 1229 [2d Dept 2019]). Though Plaintiffs previously agreed to search for documents related to certain named individuals' relationship with Ultra, they objected to the remaining demands as vague, overly broad, and irrelevant (NYSCEF 474, 481).

Defendants contend this information is relevant to their counterclaims for breach of fiduciary duty and tortious interference with contract "arising out of McGuigan's…improper use of Foundry funds to start his own agency" (NYSCEF 492 [Defendants' Memorandum in Support] at 13). While Defendants allege in the background section of their counterclaims that McGuigan attempted to use Foundry funds for the benefit of Ultra and solicit Foundry clients and employees to join Ultra (NYSCEF 385 [Amended Answer with Counterclaims] ¶¶ 9, 56-57, 60, 66), none of the counterclaims themselves are based on misappropriation of Foundry resources (*see id.* ¶¶ 142 [first tortious interference claim based on McGuigan's interference with YRG's business relationships with former Foundry agents, among others], 196 [breach of fiduciary duty claim premised on McGuigan "refusing to approve of Ms. Gendell's commission payments…"], 220 [second tortious interference claim based on the fact that "…Mr. McGuigan caused Foundry to breach its employment agreement with Ms. Gendell, in failing to pay any of her earned commissions"]). Accordingly, only documents regarding Plaintiffs' and Ultra's dealings with former Foundry employees, agents, and clients are relevant to Defendants'

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  019 020**

**Page 2 of 11**

[* 2]

counterclaims, and Plaintiffs must search for and produce them. Broad financial disclosures from Ultra are not warranted.

## II. *Communications between McGuigan's wife and Plaintiffs' counsel*

Defendants take issue with Plaintiffs' redactions to certain communications between McGuigan's wife, Sarah Durand, and Plaintiffs' counsel. Durand has submitted an affidavit stating that her communications were to facilitate document production during a period in which McGuigan was dealing with health-related issues (NYSCEF 500). The redacted communications are messages Durand sent when forwarding email chains from years prior to Plaintiffs' counsel (NYSCEF 482). This is consistent with Plaintiffs' account that Durand was acting as her husband's agent in connection with the discovery process, such that the communications are protected by the attorney-client privilege (*see Stroh v Gen. Motors Corp.*, 213 AD2d 267, 268 [1st Dept 1998]). In short, this was not the type of third-party involvement that warrants vitiating attorney-client privilege.  Defendants' motion is denied as to these documents.

## III. *Communications between McGuigan and Foundry's former counsel*

Plaintiffs do not respond to Defendants' arguments regarding allegedly improper redactions of correspondence between McGuigan and Monika Tashman, former counsel to Foundry. In any event, absent some individual attorney-client relationship between McGuigan and Tashman, these communications are not privileged as between co-managers of the client entity. Accordingly, this part of Defendants' motion is granted, and Plaintiffs must produce unredacted copies of this correspondence.

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  019 020**

**Page 3 of 11**

3 of 11

### IV.   *Communications between McGuigan and DeNobrega*

Plaintiffs already agreed to produce responsive communications with Sara DeNobrega, Foundry's former controller, concerning compensation from Foundry to McGuigan or Gendell (NYSCEF 474). Plaintiffs must do so.

### V.   *Documents related to finances of McGuigan and his entity*

Defendants seek copies of monthly bank statements from all accounts owned or controlled by McGuigan or his entity, Guernsey Associates, Inc. to which Foundry funds were transferred from January 2016 to present. While these are relevant to Defendants' defenses, the requests are overbroad in timeframe. Plaintiffs are directed to produce responsive documents of this type from January 2016 to December 2021.  If Defendants obtain information warranting an expansion of the relevant time frame, they may make an application at that time.

### VI.   *Documents related to litigation between McGuigan and Foundry agents and employees*

Defendants seek documents related to McGuigan's actual or threatened litigation against Foundry's and/or Ultra's agents, employees, and clients (NYSCEF 477 ¶¶ 7-12). As it relates to Foundry's agents, employees, and clients, documents of this type, if they exist, are relevant to Defendants' tortious interference counterclaim and must be produced.

### VII.   *Documents related to Defendants' counterclaim for defamation*

Defendants' RFPs 64-73 generally seek communications by McGuigan that are relevant to Defendants' defamation counterclaim, many of which Plaintiffs already agreed to search for and produce (NYSCEF 469, 474). To the extent responsive documents exist, they must be produced.

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  019 020**

**Page 4 of 11**

[* 4]

VIII.    *Documents underling Plaintiffs' forensic accounting expert report*

Plaintiffs previously agreed to produce the documents relied upon by their expert, Gary Rosen (NYSCEF 453). Accordingly, Plaintiffs must do so (*see HSBC Bank USA, National Association v Branker*, 177 AD3d 954, 957 [2d Dept 2019] ["[T]he plaintiff voluntarily abandoned those objections [to the discovery demands] when it entered into the compliance conference order in which it agreed to comply with the discovery demands notwithstanding its prior objections"]).

IX.    *Documents related to Gendell's commissions*

Plaintiffs maintain that they have produced all relevant documents in response to Defendants' demands regarding Gendell's commissions (NYSCEF 477 ¶¶ 13-15), which are relevant to Defendants' counterclaims. Plaintiffs are directed to provide an affidavit describing the scope and methods employed in their search for these documents, where such documents are maintained and by whom, and the results of their search in accordance with *Jackson v City of New York* (185 AD2d 768 [1st Dept 1992]).

X.    *Miscellaneous*

Anything Plaintiffs agreed to search for and/or produce in their October 2022 or March 2025 letters (NYSCEF 474, 453) that is otherwise unaddressed in this decision and order must be searched for and produced. Plaintiffs must provide Defendants with Bates stamped copies of documents they have previously produced without Bates numbering.

XI.    *Privilege Log*

While Plaintiffs now object to providing a privilege log to Defendants, they previously agreed to supply one (NYSCEF 474). Plaintiffs are directed to do so.

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  019 020**

**Page 5 of 11**

[* 5]

### XII.    Sanctions

Defendants seek sanctions in the even that Plaintiffs do not comply with this decision and order. This request is denied without prejudice as premature.

### Plaintiffs' Motion

### I.    Gendell's personal banking, FinTech, and tax records

Plaintiffs make several requests directed at Gendell's personal finances. The broadest of these requests seek all banking account statements of any account she has ever had from 2018 to present, credit card statements from 2019 to present, and all of her Paypal, Venmo, and other FinTech platform records from 2019 to present (NYSCEF 459, RFPs 10, 41, 42). Plaintiffs bring fraudulent conveyance and conversion claims to which the disposition of funds is relevant, and, as discussed at oral argument, the records sought are independently relevant to verify Foundry's financial records. The demands are overbroad in timeframe, however. Defendants must produce documents responsive to these requests through December 2021. If these or other documents produced pursuant to this decision and order indicate that documents from 2022 onward may be relevant, Plaintiffs may seek leave of the Court to propound additional document requests.

Plaintiffs also seek more particular financial records, specifically documents concerning amounts transferred by Gendell to YRG, DeNobrega, her husband, and her children (NYSCEF 459, RFPs 3-6). The transfers to YRG, DeNobrega, and her husband are potentially relevant to Plaintiffs claims, but likewise must be limited to pre-2022 in the first instance. Plaintiffs' motion is denied as to the request directed at Gendell's children, however, as there are no allegations related to them in the Complaint (NYSCEF 185).

[* 6]

As for Gendell's tax returns, which Plaintiffs seek from 2015 to present, Plaintiffs have made the requisite special showing as to the relevance of these materials and "why other possible sources of the information sought are inaccessible or likely to be unproductive" given the difficulties both parties have experienced accessing and verifying Foundry's nontraditional financial records, as discussed at oral argument (*Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208, 209-10 [1st Dept 1997]; *see also Briand Parenteau Inc. v Dean Witter Reynolds Inc.*, 267 AD2d 576, 577 [3d Dept 1999] [denying disclosure of tax returns where defendants had "neither alleged nor demonstrated that the information sought cannot be obtained through other means, e.g., deposition or trial testimony"]). However, the timeframe needs to be limited. Defendants are directed to produce Gendell's tax returns from the 2015-2021 tax years, again subject to reconsideration if good cause is shown.

## II. *YRG's banking records and tax returns*

Plaintiffs seek to compel production of similar categories of documents from YRG, namely its banking, FinTech records, credit card statements, and tax returns from 2019 to present (NYSCEF 459, RFPs 11, 41, 42). For the same reasons discussed above, these documents are relevant and must be produced through the end of 2021 (including the return for the 2021 tax year).

## III. *Defendants' assets and liabilities*

Plaintiffs seek broad discovery of documents reflecting outstanding debts and liabilities of Gendell and YRG without time limitation on the grounds that Plaintiffs have a right to know whether Defendants will able to satisfy a judgment and that Gendell's outstanding liabilities purportedly might demonstrate to her motive to embezzle (NYSCEF 459, RFPs 15-16; NYSCEF 466 [Plaintiffs' Memorandum in Support] at 12; NYSCEF 506 [Plaintiffs' Reply Memorandum]

**650294/2021  MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  019 020**

**Page 7 of 11**

at 6). Plaintiffs' motion is denied as it relates to liabilities of YRG, as the post-judgment type discovery Plaintiffs seek is premature. Regarding Gendell, Plaintiffs' motion is granted except that the timeframe is limited to liabilities in existence between January 2015 to December 2020, when Gendell's motive would have been relevant.

Plaintiffs' motion is granted with respect to their requests for documents related to Gendell's personal assets (RFPs 17-18), as these are relevant to the allegations regarding Gendell's improper use of Foundry funds, except that the timeframe is limited at this time to assets acquired between January 2015 to December 2021.

IV.    *Communications between Gendell and her husband*

Plaintiffs seek documents "reflecting any communications…between [Gendell] and [her husband] from January 2019 to the present" without limitation as to subject matter (NYSCEF 459, RFP 19). Though Gendell is alleged to have fraudulently conveyed funds to her husband, the request as drafted is patently overbroad. Defendants are directed to produce communications dated between January 2019 and December 2021 between Mr. and Mrs. Gendell concerning transfers of funds from Foundry to Mr. Gendell.

V.    *Communications between Gendell and DeNobrega and Felleman*

Plaintiffs seek all communications between Gendell and Jessica Felleman, a former administrative assistant at Foundry, from November 2019 to present, without regard to subject matter (NYSCEF 459, RFP 23). Gendell is alleged to have used Felleman's company credit card for Gendell's personal expenses after Felleman stopped working at Foundry. As drafted, the request is overbroad. Defendants are directed to produce communications dated between November 2019 to December 2021 between Gendell and Felleman related to use of Foundry credit cards or transfers to Felleman.

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  019 020**

**Page 8 of 11**

8 of 11

Plaintiffs likewise seek all communications between Gendell and DeNobrega, Foundry's former controller, from January 2019 to present without regard to subject matter (NYSCEF 459, RFP 20). DeNobrega is generally alleged to have assisted Gendell in embezzling from Foundry. Gendell is also alleged to have transferred Foundry funds to DeNobrega while DeNobrega was employed at YRG following her departure from Foundry. Defendants are directed to produce communications between Gendell and DeNobrega from January 2019 to present concerning Foundry's finances and/or transfers of funds from Foundry accounts.

VI.     *Communications between Defendants and anyone associated with YRG*

Plaintiffs seek all documents or communications, including agreements entered into, between Defendants and any executive assistant, bookkeeper, CFO, accountant, and literary agent every employed or associated with or related to YRG from January 2019 to present without limitation as to subject matter (NYSCEF 459, RFPs 29, 38-40). This is overbroad. Communications/agreements (1) concerning actual or prospective engagement with YRG (2) between Defendants and persons *who were formerly employed by or associated with Foundry—* and are now employed by or associated with YRG—are relevant to Plaintiffs' solicitation-related claims. Defendants are directed to produce such communications dated from January 2019 to present.

## Issues Regarding Document Access

At oral argument, there was confusion among counsel regarding which parties, if any, have access to certain sources of relevant documents. The current level of uncertainty regarding access to Foundry's records—four years into this litigation—is untenable. In the Court's view, it would be appropriate to conduct limited scope depositions aimed at resolving these threshold

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  019 020**

**Page 9 of 11**

9 of 11

[* 9]

accessibility issues, while reserving the parties' ability to take merits-related depositions following the document production contemplated in this decision and order.

Accordingly, it is

**ORDERED** that Plaintiffs' motion to compel and Defendants' motion to compel are granted in part to the extent described above; it is further

**ORDERED** that, within 7 days of this decision and order, Plaintiffs and Defendants shall exchange affidavits detailing (1) the repositories of responsive documents known to them, (2) the efforts that have been made to access such sources, and (3) the nature and scope of searches previously performed; it is further

**ORDERED** that, within 10 days of this decision and order, and following the exchange of the affidavits described above, the parties shall submit a joint letter via NYSCEF advising the Court as to whether and on what schedule they propose to conduct initial depositions limited to document access issues; it is further

**ORDERED** that, within 14 days of this decision and order, the parties shall submit a joint letter via NYSCEF proposing a schedule for the completion of the remaining discovery ordered herein; and it is further

**ORDERED** that the parties upload a copy of the transcript of these proceedings to NYSCEF upon receipt.

**650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT**
**Motion No.  019 020**

**Page 10 of 11**

10 of 11

This constitutes the decision and order of the Court.

202505311212481MCOHENAF779E1C816E4387990B76CA967BC280

_____5/31/2025_____
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

650294/2021   MCGUIGAN, PETER vs. REISS GENDELL, YFAT
Motion No.  019 020

Page 11 of 11

11 of 11

[* 11]