■ 324 East 9th Street Corporation, Appellant, v Acordia Northeast-New York, Respondent. [815 NYS2d 498]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 28, 2005, which, in an action by the corporate owner of an apartment building against an insurance broker for failure to procure liability insurance, granted defendant's motion to compel plaintiff's production of documents, unanimously affirmed, with costs.

Plaintiff asserts that its principal requested defendant to add it to an existing policy covering the principal's other properties that was obtained by the principal through defendant three months earlier, and that defendant assured the principal that plaintiff would be bound right away and added to the policy. Defendant asserts that while plaintiff's principal spoke to its employee about obtaining a price quote for insuring plaintiff, the principal never requested that plaintiff be added to the existing policy and that he actually believed that plaintiff was covered under a different policy placed with a different broker. We agree with defendant that documents bearing on the principal's practices with respect to obtaining insurance for his other buildings might be useful in resolving this issue of credibility (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407 [1968]). For example, gaps in coverage for other buildings might indicate a pattern of remiss or inconsistent efforts in obtaining or maintaining coverage (*cf. Bloom v Mutual of Omaha Ins. Co.*, 161 AD2d 1047, 1048 [1990]). Plaintiff's argument that the subject document demand is overbroad and unduly burdensome is improperly raised for the first time on appeal, and we decline to review it. Concur—Buckley, P.J., Saxe, Nardelli, Gonzalez and Catterson, JJ.