Ogando v 40 X Owner LLC (2024 NY Slip Op 05491)

Ogando v 40 X Owner LLC

2024 NY Slip Op 05491

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 27992/18 Appeal No. 2976 Case No. 2024-00259 

[*1]Yiceli Ogando, Plaintiff-Respondent,
v
40 X Owner LLC, et al., Defendants-Appellants, Avarga Contracting Corp., Defendant. [And a Third-Party Action]

Ahmuty, Demers & McManus, Albertson (Timothy J. Layer of counsel), for 40 X Owner LLC and Newmark Holdings LLC, for appellants.
Kaufman Dolowich, LLP, White Plains (Matthew C. Mann of counsel), for Gilsanz Murray Steficek LLP Engineers and Architects, for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Issac of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered January 9, 2024, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to quash a subpoena for the testimony of a nonparty witness and for a protective order, unanimously reversed, on the law, without costs, and the motion denied.
The court improperly granted plaintiff's motion to quash the subpoena served on plaintiff's treating physician, Dr. Michael Monfett. Plaintiff failed to establish that the potential testimony of Dr. Monfett was "utterly irrelevant" to the action, and defendants showed that they sought "material and necessary" information (Matter of Kapon v Koch, 23 NY3d 32, 34 [2014]). Plaintiff testified that the cause of her fall and resulting injuries was the "broken" and "unlevel" sidewalk in front of a building owned by defendant 40 X Owner LLC. During discovery, defendants received medical records from one of plaintiff's medical providers, which reflected that, days after the accident, plaintiff had reported to Dr. Monfett concerning the "history of her present illness," that "while trying to break up a fight in a subway station, she tripped and fell injuring herself."
Dr. Monfett's deposition is material and necessary to the defense because plaintiff's account of her accident to the doctor conflicts with her deposition testimony, and this discrepancy bears directly on defendants' potential liability, as well as plaintiff's credibility (see Schroder v Consolidated Edison Co. of N.Y., 249 AD2d 69, 70-71 [1st Dept 1998]; cf. Birro v Port Auth. of N.Y & N.J., 179 AD3d 434 [1st Dept 2020]). Furthermore, the deposition is necessary because plaintiff's statements in the medical record likely would be inadmissible as hearsay without the doctor's testimony attributing them to her (see Schroder at 70-71). Defendants were not required to demonstrate "special circumstances" warranting Dr. Monfett's deposition because they seek to depose him "solely with regard to plaintiff's account of the accident, not for any expert medical opinion regarding plaintiff's diagnosis or treatment" (id. at 70).
Plaintiff improperly raises arguments concerning the scope of the subpoena for the first time on appeal, and we decline to consider them (see 324 E. 9th St. Corp. v Acordia Northeast-N.Y., 29 AD3d 367 [1st Dept 2006]). In any event, the subpoena is not overbroad, but adequately states the reasons disclosure was sought from a nonparty, and it provided plaintiff with sufficient information to challenge it (see Kapon v Koch, 23 NY3d at 36, 39).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024