Perrotte v Bloomberg, L.P. (2026 NY Slip Op 00632)

Perrotte v Bloomberg, L.P.

2026 NY Slip Op 00632

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 451470/20|Appeal No. 5802|Case No. 2025-01712|

[*1]Haley Perrotte, Plaintiff-Respondent,
vBloomberg, L.P., et al., Defendants-Appellants, "John Does" 1-10, Defendants.

Proskauer Rose LLP, New York (Elise M. Bloom of counsel), for appellants.
Law Office of Niall Macgiollabhui, New York (Niall Macgiollabhui of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about February 13, 2025, which, in effect, granted plaintiff's letter application to quash defendants' subpoenas on J.P. Morgan Chase and nonparty Catherine Vance Thompson, unanimously modified, on the law, to allow the deposition of Thompson after issuance of a new subpoena, and otherwise affirmed, without costs.
Initially, despite plaintiff's contention otherwise, the status conference order is appealable. The order was not issued sua sponte, but instead resolved plaintiff's letter application, which defendants opposed through their own letter submissions (see Naramore v Mount Sinai Health Sys., Inc., 227 AD3d 528, 529 [1st Dept 2024]). Under these circumstances, the process afforded the parties the opportunity to be heard and created a proper record for appellate review (id. at 529).
As to the merits, Supreme Court providently exercised its discretion in granting plaintiff's application to quash defendants' subpoena for her Chase records. As the submitted evidence makes clear, these records show plaintiff's credit card transactions and thus have no bearing on her claim for lost wages (see e.g. Leibowitz v Babad, 175 AD3d 639, 641 [2d Dept 2019]; cf. Kim v White & Case LLP, 216 AD3d 408, 409 [1st Dept 2023]). To the extent defendants seek to undermine plaintiff's credibility regarding her employment history or establish that she mitigated her damages, they already have access to plaintiff's banking records from Bank of America, N.A., which show large deposits that may reflect employment.
However, Supreme Court should have permitted defendants to seek Thompson's deposition. Plaintiff's Bank of America records show that she received several checks from Thompson with memo lines indicating that they were payment for "invoices." Because plaintiff has repeatedly stated that she has not been employed since her termination, Thompson's deposition is material and necessary to determining why these checks were issued (see Matter of Kapon v Koch, 23 NY3d 32, 34 [2014]).
Plaintiff failed to preserve her argument that Thompson's subpoena is defective, as she failed to raise it before Supreme Court (see 324 E. 9th St. Corp. v Acordia Northeast-N.Y., 29 AD3d 367, 367 [1st Dept 2006]). In any event, defendants will need to serve a new subpoena with a new deposition date. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026