Almodovar v City of New York

2026 NY Slip Op 02053

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jason Almodovar, Appellant,

v

The City of New York, et al., Respondents, Tanya Meisenholder et al., Defendants.

Decided and Entered: April 07, 2026

Index No. 150953/23|Appeal No. 6282|Case No. 2024-05602|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Law Office of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered on or about August 9, 2024, which, in effect, granted the branches of plaintiff's motion to reargue and, upon reargument, amended the order dated April 25, 2024 to reflect that the complaint is dismissed with prejudice, and otherwise adhered to the original determinations in the April 25 and May 15, 2024 orders, and denied the branches of plaintiff's motion to vacate the April 25 and May 15, 2024 orders or, alternatively, for leave to amend the complaint, unanimously affirmed, without costs.

The fact that oral argument on defendants' motion to dismiss was held before a different Justice than the Justice who ultimately decided the motion does not require vacatur of the April 25, 2024 order granting defendants' motion. Although Judiciary Law § 21 provides that a Supreme Court Justice "shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present and sitting therein as a" Justice, reversal is not warranted on this ground because defendants' motion to dismiss pursuant to CPLR 3211(a)(7) presented purely legal questions (see People v Hampton, 21 NY3d 277, 285, 287 [2013]; Marti v Rana, 173 AD3d 576, 577 [1st Dept 2019], lv denied 34 NY3d 906 [2019]).

Litigation by letter is not contemplated by the CPLR and, thus, disfavored (see e.g. Matter of Davin v Felberman, 75 Misc 3d 1034, 1046 n 5 [Sup Ct, Rockland County 2022], affd 205 AD3d 855 [2d Dept 2022]; Lederman v New York City Dept. of Parks & Recreation, 61 Misc 3d 1202[A], 2018 NY Slip Op 51329[U], *6 [Sup Ct, NY County 2018]), because an order deciding a letter application ordinarily is not appealable as of right (see CPLR 5701[a][2]; contra Perrotte v Bloomberg, L.P., — AD3d —, —, 2026 NY Slip Op 00632, *1 [1st Dept 2026]). Rather, the proper procedure is for the aggrieved party to move to vacate the order, then appeal from the denial of that motion (see e.g. Georgievski v Robins, 235 AD3d 493, 493 [1st Dept 2025]). That, in sum and substance, is what plaintiff has done here, and defendants do not dispute that the court's August 9, 2024 order is appealable, or that this Court can permissibly review the May 15, 2024 order. Accordingly, the fact that the May 15, 2024 order was entered on a letter application, as opposed to a motion made on notice, does not require a different outcome in this case.

[*2]

Upon considering defendants' letter application, Supreme Court correctly deemed plaintiff's amended complaint to be a nullity. The court's April 25, 2024 order granted defendants' motion to dismiss the complaint in its entirety on the merits and — as clarified by the order on appeal — with prejudice. Thus, plaintiff could not file an amended complaint as of right on April 29, 2024, because "there was no complaint left before the court" (Tanner v Stack, 176 AD3d 429, 429 [1st Dept 2019]; see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 194 AD3d 728, 729 [2d Dept 2021], lv dismissed in part, denied in part 37 NY3d 1022 [2021]).

Finally, plaintiff never noticed an appeal from the court's April 25, 2024 order granting defendants' motion to dismiss. Accordingly, our review is limited to whether the court providently granted plaintiff's motion for leave to reargue and, upon reargument, made the appropriate disposition (see Tyagi v Gadella, 202 AD3d 561, 562 [1st Dept 2022]). In his motion for leave to reargue, plaintiff did not seek to reargue the merits of defendants' motion, but rather the alleged procedural impropriety in the court first deciding the motion, then effectively granting defendants' letter application and deeming his amended complaint a nullity. We therefore do not reach the merits of plaintiff's arguments as to whether the court, in its April 25, 2024 order, properly granted defendants' motion to dismiss.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026,